This is an appeal from a judgment awarding William T. Waite $17,000 against Liberty National Life Insurance Company for willful misrepresentation. We affirm.
The record reveals that an agent for Liberty National, John R. Simmons, went to Waite's mobile home in response to Waite's inquiry regarding insurance on the mobile home. While there, Simmons discussed with Waite the possibility of Waite's obtaining life insurance; Waite responded that he could not afford life insurance because he was "on disability" and had rheumatoid arthritis. There was evidence that, notwithstanding these statements, Simmons persuaded Waite to purchase insurance by telling him "Well, I'll sell you one and cheap; I can give it to you for $28 — something a month." There was evidence that rather than asking Waite, who is illiterate, all of the questions on the insurance application, Simmons merely inquired whether Waite had cancer, heart disease, or lung disease; that Waite answered in the negative; and that Simmons then filled out the application for Waite, without questioning him further. Waite testified that he told Simmons of his arthritis and showed him a prescription he was taking for his condition. Simmons wrote down the physician's name on the application, but did not write down anything indicating that Waite suffered from rheumatoid arthritis. There was evidence indicating that Simmons falsely answered 7 of the 12 questions on the insurance application without ascertaining the correct answers from Waite. Waite paid the first premium when Simmons took the application.
When Waite received his policy, no copy of his application accompanied it. Waite testified that he thought something was "funny" about the policy, and he returned it to Liberty National, stating that he no longer wanted it. Subsequently, Simmons visited Waite again and told Waite not to worry about insurance and assured him that his policy was good. Waite then paid Simmons another premium. Waite said that Simmons promised to provide him with a copy of the policy application; however, he said, only after calling Liberty National himself did Waite receive a copy of the application in the mail. He said that upon receiving the application, his wife read it to him and they discovered the incorrect answers on the application and also noted that there was a two-year contestability period and noted the language in the policy providing that any misstatements on the application would void the policy. Waite said he then surmised that his policy was not valid and that he consequently ceased making payments thereon.
Liberty National first argues that there was insufficient evidence upon which a jury could make a finding of willful fraud. We disagree. In order for a jury to find willful fraud, it must find evidence of *Page 1005 
all of the elements set forth in § 6-5-101, Ala. Code 1975, which states as follows:
 "Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud."
We find at least some evidence of each of these elements. Simmons testified that he knew all of the questions on the form were important and that the policy would be void if any material misrepresentations were made. Nevertheless, without having posed all of the questions, he proceeded to convince Waite to purchase the policy and to pay the necessary premiums. Furthermore, there was evidence that on his second visit, Simmons convinced Waite to pay his second premium by assuring him, notwithstanding the two-year contestability period, that he had absolutely nothing to worry about. Simmons provided incorrect answers to questions, despite the fact that he knew that false statements on the policy would void it during the two-year contestability period.[1] As for damage to Waite, it appears that he paid two premiums of $28.70 each, and that he had a flare-up of his rheumatoid arthritis, became sick, and was hospitalized when he learned that the policy he had purchased was or might be void. We are of the opinion that the jury could reasonably have found that Simmons knowingly convinced Waite to enter into an insurance contract that Simmons knew, or should have known, contained misrepresentations that would void the policy, and that Waite became ill as the result thereof.
Liberty National next argues that Waite did not justifiably rely on the misrepresentations made by Simmons. Waite was, however, illiterate, and there was sufficient evidence for the jury to determine that he relied on Simmons's statements regarding the validity of the policy. Evidently, the jury considered the fact that Waite had paid his second premium following Simmons's assurance that the policy was "good" to constitute proof of reliance, and considered that Waite's reliance was justifiable.
Liberty National also contends that the verdict was based on speculation and conjecture. Again, we disagree. The verdict was based on the evidence, and although there was conflicting testimony as to whether the insurance policy was valid despite the misrepresentations, the jury had every right to believe the testimony indicating that the policy was void. The jury could have determined that Simmons assured Waite that his policy was valid and could reasonably have determined the assurance to be fraudulent.
We have also considered Liberty National's argument that the trial judge erred in refusing to give certain requested jury charges, and we find no error in that regard.
Finally, Liberty National argues that the verdict was excessive. However, once again, we find no error. Waite suffered actual loss in the amount of two premium payments of $28.70 each, and there was evidence that he was caused to suffer various illnesses that required hospitalization. Furthermore, the evidence supports the award of punitive damages, because it indicates that Simmons knowingly made representations that Waite's policy was a valid one when he had reason to know that it was not. See Cooper Chevrolet, Inc. v.Chambers, 529 So.2d 913 (Ala. 1988).
For the foregoing reasons, the judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.
[1] There was conflicting testimony as to whether the misrepresentations on the application were so material as to in fact void the policy; however, there was sufficient evidence for a jury to determine that the misrepresentations were, indeed, so material as to void the policy. *Page 1006